(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

## Western District of New York

Plaintiff(s)
LEONidaS SiERRa, 66094-054

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

( See attachment )

Defendant(s)

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

Case No.  22-CV-6042 FPG

*(to be filled in by the Clerk's Office)*

JURY TRIAL: Yes ✳ No ___

UNITED STATES DISTRICT COURT
FILED
JAN 2 8 2022
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Upstate Corr. Fac. - Defendants

1. John Doe 22, Guidance-Offender Rehabilitation coordinator
2. T. Bernick, captain [3/DSS], Security Supervisor
3. J. Fitchette, Deputy Superintendent for Programs, (D.S.P)
4. John Doe 1, Staff - Inspector General
5. John Doe 2, Staff - counsel
6. John Doe 3, Chairman - Facility Operations
7. John Doe 4, Deputy commissioner for correctional Facilities (D.C.C.F.)
8. John Doe 23, Guidance - Offender Rehabilitation coordinator
9. John Doe 5, Staff - Counsel

Auburn Corr. Fac. - Defendants

10. John Doe 24, Guidance counselor
11. John Doe 25, Security Supervisor
12. John Doe 26, committee Chairman
13. John Doe 1, Staff - Inspector General
14. John Doe 6, Staff - counsel
15. John Doe 3, Chairman - Facility Operations

16. John Doe 4, D.C.C.F.
    mental Health
17. Sharifuzzama Siddiqui, M.D.,
    Psychiatrist 2
18. Amber M. Oliver, Social Worker
19. Susan C. Werbezahlporter, L.M.S.W. II

Southport Corr. Foc - Defendants

20. John Doe 27, Offender Rehabilitation
    coordinator
21. B Wagner, captain, Security Supervisor
22. Mr. Signer, Deputy Superintendent for
    Security (D.S.S.)
23. John Doe 1, Staff - Inspector General
24. John Doe 5, Staff-Counsel
25. John Doe 3, chairman - Facility operations
26. John Doe 4, D.C.C.F.
27. S. Giblin, O.R.C., offender Rehabilitation
28. John Doe 7, Staff - Counsel
29. John Doe 28, Offender Rehabilitation
    coordinator
30. John Doe 8, Staff - Counsel
31. John Doe 9, chairman - Facility operations
32. John Doe 10, D.C.C.F.

33. John Doe 29, offender Rehabilitation coordinator
34. John Doe 2, staff - Counsel
35. John Doe 10, D.C.C.F.
36. John Doe 30, offender Rehabilitation coordinator
37. John Doe 11, staff - counsel
38. John Doe 12, D.C.C.F.
39. John Doe 31, offender Rehabilitation coordinator
40. John Doe 14, staff - counsel
41. John Doe 33, offender Rehabilitation coordinator
42. John Doe 13, staff - counsel
43. John Doe 32, offender Rehabilitation coordinator
44. John Doe 15, staff - counsel
45. John Doe 16, D.C.C.F.
46. John Doe 35, capt. security supervisor
47. John Doe 17, staff - counsel
48. John Doe 18, D.C.C.F.

mental Health

49. Jose Gonzalez, Psychiatrist
50. Ms. Dolly, unit chief
51. Leslie A. Watkins, L.M.S.W., Therapist
52. Leslie McKenzie, L.C.S.W., Therapist
53. Christina Vaugh, L.M.S.W., SW II

54. C. Kueffer, S.W. II
55. Emily Guary, L.M.S.W. 2
56. Leslie Bunni, L.L.S.W.
57. Daniel Kress, L.M.S.W. 2

Elmira Corr. Fac. - Defendants

58. John Doe 36, Guidence Counselor
59. John Doe 37, Security Supervisor
60. John Doe 38, committee Chairman
61. John Doe 7, Staff - Inspector General
62. John Doe 11, Staff - counsel
63. John Doe 9, chairman - Facility Operations
64. John Doe 10, D.C.C.F.
65. John Doe 39, Security Supervisor
66. John Doe 40, committee Chairman
67. John Doe 19, Staff - counsel
68. John Doe 18, A/D.C.C.F.
69. J. Rossi, Guidance counselor
70. John Doe 41, Security Supervisor
71. John Doe 14, Staff counsel
72. Hill, Security Supervisor
73. John Doe 5, Staff - counsel
74. John Doe 20, chairman Facility operations
75. John Doe 42, Security Supervisor

76. John Doe 46, staff - Inspector General
77. John Doe 43, Security Supervisor
78. John Doe 44, Security Supervisor
79. John Doe 17, Staff - Counsel
80. John Doe 21, Staff - counsel
    mental Health
81. Dr. Bautista, Psychiatrist
82. Tori Seymour, Unit chief
83. Paul W. Daugherty, N.P.P
84. John Doe 47, N.P.P.
85. A.A., N.P.P.
86. Courtney Sullivan, Social Worker
87. Megan Palmer, L.M.H.C. RCII
88. Lydia Brennan, Forensic Unit chief
89. Joseph M. Wilczewski, L.M.S.W.

Central office, albany - Defendants

90. anthony J. annucci, commissioner
91. Ma. amaya, assistant commissioner
92. Scott Kelly, Security Classification
93. Donald Venettozzi, Director - Inmate
    Discipline
94. a. Rodriguez - assistant Director -
    Inmate Discipline

95. David Amodeo, Inmate Discipline
96. Liberty, Commissioner's Hearing Officer, Upstate Corr. Fac.

Attica Corr. Fac - Defendant

97 John Doe 48, Captain - Hearing Officer,

Medical Defendants

98 John Doe 49, Doctor, Upstate Corr. Fac.
99. John Doe 50, Doctor, Southport Corr. Fac
100. Dr. Ott, Elmira Correctional Facility

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name _LEONIDAS SIERRA, 66094-054, Pro-Se_
All other names by which
you have been known:
ID Number _66091-66094-054_
Current Institution _U.S.P. Hazelton_
Address _Po Box 2080_
_Bruceton Mills W.V. 26525_
            City            State        Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name
Job or Title *(if known)*       _Central Office Defendants_
Shield Number                   _New York State Dept. of Corr. and_
Employer                        _community Supervision_
Address                         _State Campus / Building 2_
                                _Albany, New York 1256_
            City            State        Zip Code
☒ Individual capacity   ☒ Official capacity

Defendant No. 2
Name                            _Upstate Corr. Fac - Defendants_
Job or Title *(if known)*
Shield Number                   _Upstate Corr. Fac._
Employer                        _Po Box 2001_
Address
                                _malone    N.Y.    12953_
            City            State        Zip Code
☒ Individual capacity   ☒ Official capacity

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name               Southpost Corr. Fac - Defendents
    Job or Title *(if known)*
    Shield Number
    Employer            Southpost Corr. Fac
    Address             Po Box 2000
                     Pine City     N.Y     14871
                         *City*        *State*      *Zip Code*
    ☒ Individual capacity    ☒ Official capacity

Defendant No. 4
    Name               auburn Corr. Fac. Defendonts
    Job or Title *(if known)*
    Shield Number
    Employer            auburn Corr. Fac.
    Address             Po Box 618
                     auburn     N.Y.     13024
                         *City*        *State*      *Zip Code*
    ☒ Individual capacity    ☒ Official capacity   *(see attached)*

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

**A.**     Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

**B.**     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

14th amendment and 8th amendment

**C.**     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Elmira Corr. Fac-Defendants

Elmira Corr. Fac.
Po Box 500
Elmira, New York
        14902-0580

☒ Individual capacity ☒ Offical capacity

**D.**    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

All of defendonts are Corrections Officers of the NYS-DOCCS and they acted under color of state and local Law because they kept me in S.H.U. under ad/seg since 7/31/14 to 7/13/2020 by using Directives and rules.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☒    Convicted and sentenced state prisoner

☒    Convicted and sentenced federal prisoner

☐    Other *(explain)*    When the issues of the complant happen I was in NYS-DOCCS. now I am in F.B.O.P.

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**A.**    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

( See attached Facts ) 15 pages
( and statement of claims ) 2 pages

**B.**    If the events giving rise to your claim arose in an institution, describe where and when they arose.

They arrose in NYS-DOCCS S.H.U.'s Elmira, upstate, South-Port and auburn Cor. Fac.'s from 7/31/14 - 2/13/2020

## Statement Of Claims

1) Wrongful confinement, Pursuant to Criminal Procedure Law, Section §410.91, because the facts will establish that the defendants intended to confine the claimant; the claimant was conscious of the confinement; the claimant did not consent to the confinement; and the confinement was not otherwise privileged.

2) Violation of substantive and procedural due-process, because the defendant violated NYS-DOCCS own rules and regulations, and in the process deprived me of my liberty interest.

3) Violation of equal protection because the defendants did not allow me to participate in the programs, treated me differently from other inmates in S.H.U., never gave me a meaningful review like other ad/seg inmates, denied me adequate mental health

and disregarded claimants well-being.

4) Violation of the 8th amendment against cruel and unusual punishment because they disregarded claimant deteriorating mental health, refused to give adequate mental health treatment, refused to give claimant adequate medical treatment for chronic pain and were deliberately indifferent to his mental and physical health. Additionally, Defendants knew of claimants history of self-harm and did nothing about it. As evidenced by claimant being put on suicide watch, on or about February or march of 2019, and claimant cut his arm requiring 5 stiches in the hospital after continuously claiming he needed help because he felt the compulsion to hurt himself. Also, while in D-Block at Southport Corr. Fac. The cell was so cold it felt like a refrigerator and Defendants refused to repair window seals and/or provide extra blankets.

<u>Facts</u>

1) On, July 31, 2014, Plaintiff's custody was returned back to the New York State Department of Corrections and Community Supervision (NYS-DOCCS) by the U.S. Marshalls of the Southern District of New York at Down State Correctional Facility.

2) As soon as Plaintiff was processed and searched at Downstate Correctional Facility. Plaintiff was assigned a cell and placed under Keep-Locked status (confined to the cell).

3) On August 4, 2014, Plaintiff was transferred from Downstate Correctional Facility to Attica Correctional Facility. After being processed Plaintiff was assigned a cell and again placed under Keep-locked status.

4) On August 5, 2014, Plaintiff was served a Tier III misbehavior Report charging

Violation of rule 1.00 (Penal Law Offenses) because Plaintiff plead guilty and was convicted of violating 18 U.S.C. 1962 (d): Conspiracy to participate in a racketeering enterprise.

5) John Doe 48, captain, was assigned as the hearing officer. After the hearing the Plaintiff was found guilty of violating rule 1.00 and was sentenced to 1 year of solitary confinement in the Special Housing Unit (S.H.U.), with 1 year loss of Packages, commissary and telephones.

6) During the hearing John Doe 48, captain, did not hold the hearing within the time limits set forth in 7 NYCRR 251-5.1 (a), denied Petitioner the right to present documentary evidence, witnesses and to allow the Employee assistant to obtain relevant documentary evidence (ex. Log Book Entries, etc.) and to interview the material witnesses.

7) On or about, November, 2014, the Petitioner was transferred from Attica Correctional Facility to Upstate Correctional Facility.

8) After doing 9 months and 22 days S.H.U. at Upstate Corr. Fac. Petitioner was given a time-cut on the 1 year S.H.U. sanction imposed at Attica Corr. Fac., because of good behavior and having made a positive adjustment.

9) On or about, May 27, 2015, after completing the modified 9 months and 22 days S.H.U. sanction Petitioner was served with an Administrative Segregation Recommendation dated, May 27, 2015.

10) Ms. Liberty, Commissioner's Hearing Officer (C.H.O.) was assigned as the hearing officer. The hearing was commenced on June 11, 2015 and concluded on August 11, 2015

11) During the hearing Petitioner was inappro-

priately denied the right to call
materially relevant witnesses; to
present documentary evidence and
recorded telephone conversations
by the C.H.O.

12) Ms. Liberty, C.H.O. imposed adminis-
trative segregation. The imposition
of administrative segregation was
an exaggerated response to the
prison's concerns because there existed
a less restrictive housing unit program
(Protective Custody (PC) and Involuntary
Protective Custody (IPC)) that could
have accommodated the prison's
concerns, while at the same time
protect Petitioner's rights.

13) Petitioner appealed the determination
on August 30, 2015 to Donald Venetozzi
and it was affirmed. On June 12, 2017,
Mrs. A. Rodriguez denied the reconside-
ration.

14.) The Upstate Corr. Fac. Defendants,

John Doe 22, T. Berniak, J. Fitchette,
John Doe 1, John Doe 2, John Doe 3,
John Doe 4, John Doe 23 and John Doe 5,
collectively and individually denied the
Petitioner the opportunity to receive a
meaningful review of administrative
segregation by conducting a sham
review with a pre-desposed denial of
the same, by reiterating stale boiler plate
justifications, denying Petitioner's request
to go to a less restrictive housing unit
program, by not conducting the reviews
every 60 days as prescribed by Directive
4933, 301.4, disregarding Petitioner's
deteriorating mental and physical health,
by not considering the passage of time,
considering inaccurate information and
not considering the other relevant factors
such as, Petitioner's, conduct, interaction
with staff, attitude and disposition
before rendering a decision in the administrative
segregation summary report and
recommendation.

15) Auburn Corr. Fac., Defendants, John Doe

24, John Doe 25, John Doe 26, John Doe 1, John Doe 6, John Doe 3, and John Doe 4, collectively and in their individual capacity denied Petitioner the opportunity to receive a meaningful review of administrative segregation status by conducting a sham review with a pre-desposed denial of the same, by reiterating stale boiler plate justifications, denying Petitioner's request to go to a less restrictive housing unit program, by not conducting the reviews every 60 days as prescribed by Directive 4933, 301.4, disregarding Petitioner's deteriorating mental and physical health, by not considering the passage of time, considering inaccurate information and not considering the other relevant factors such as, Petitioner's conduct, interaction with staff, attitude, and disposition before rendering a decision in an administrative segregation summary report and recommendation.

16). The Auburn Corr. Fac. mental health defendants, Sharifuzzama Siddiqui, MD,

amber M. oliver, and Susan C. Weberzahlparter, collectively and individually knew and disregarded the risk to Plaintiff's mental health and safety by failing to acknowledge the harm long term isolation was causing to Plaintiff's mental health. additionally, they failed to make any reports and recommendations to NYS-DOCCS that took into consideration Plaintiff's chronic depression, episodes of hallucinations where he heard voices, his difficulty with focus, his difficulty with concentration, nightmares, hopelessness, lack of energy and his his inability to find something to live for and the many crisis interventions where Plaintiff was having suicidal thoughts, engaging in acts of self harm and the evidence that his mental health was deteriorating.

17) Southport Corr. Fac. defendants, John Doe 27, B. Wagner, Mr. Signor,

John Doe 1, John Doe 5, John Doe 3, John Doe 4, S. Giblin, John Doe 7, John Doe 20, John Doe 8, John Doe 9, John Doe 10, John Doe 29, John Doe 2, John Doe 30, John Doe 11, John Doe 12, John Doe 31, John Doe 33, John Doe 13, John Doe 32, John Doe 15, John Doe 16, John Doe 35, John Doe 17, and John Doe 18, collectively and individually denied Plaintiff the opportunity to receive a meaningful review of administrative segregation status by conducting a sham review with a pre-desposed denial of the same, by reiterating stale boiler plate justifications, denying Plaintiff's request to go to a less restrictive housing unit program, by not conducting the reviews every 60 days as prescribed by Directive 4933, 301.4, disregarding Plaintiff's deteriorating mental and physical health, by not considering the passage of time, considering inaccurate information and not considering the other relevant factors, such as, Plaintiff's conduct;

interaction with staff, attitude, and disposition, before rendering a decision on an administrative segregation summary report and recommendation.

18) Southport Corr. Fac. mental Health defendants, José Gonzales, Ms. Dolly, Leslie A. Watkins, Leslie McKenzie, Christine Jaugh, C. Kueffer, Emily Guary, Leslie Nunni and Daniel Kress, collectively and individually knew and disregarded the risk to Plaintiff's mental health and safety by failing to acknowledge the harm long term isolation was causing to Plaintiff's mental health. additionally, they failed to make any reports and recommendations to NYS-DOCCS that took into consideration Plaintiff's chronic depression, episodes of hallucinations where he heard voices, his difficulty with concentration, nightmares, hopelessness, lack of energy and his inability to find

something to live for and the many
crisis interventions where Plaintiff
was having suicidal thoughts,
engaging in acts of self harm and
the conclusive evidence that his
mental health was deteriorating.

19) Elmira Corr. Fac. defendants, John
Doe 36, John Doe 37, John Doe 38,
John Doe 1, John Doe 11, John Doe 9,
John Doe 10, John Doe 39, John Doe 40,
John Doe 19, John Doe 18, John Doe 41,
J. Rossi, John Doe 14, Hill, John
Doe 5, John Doe 20, John Doe 42, John
Doe 46, John Doe 43, John Doe 44, John Doe 46,
John Doe 17 and John Doe 21, collectively
and individually denied Plaintiff the
opportunity to receive a meaningful
review of administrative segregation
status by conducting a sham review
with a pre-desposed denial of the
same, by reiterating state boiler
plate justifications, denying Plaintiff's
request to go to a less restrictive
housing unit program, by not conduct-

ing the reviews every 60 days as prescribed by Directive 4933, 301.4; disregarding Plaintiff's deteriorating mental and physical health, by not considering the passage of time, considering inaccurate information and not considering the other relevant factors, such as, Plaintiff's conduct, interaction with staff, attitude and disposition, before rendering a decision on an administrative segregation summary report and recommendation.

20) Elmira Corr. Fac. mental health defendants, Dr. Bautista, Teri Seymour, Paul W. Dougherty, John Doe 47, A.A., Courtney Sullivan, Megan Palmer, Lydia Brennan and Joseph M. Wilczewski, collectively and individually knew and disregarded the risk to Plaintiff's mental health and safety by failing to acknowledge the harm long term isolation was causing to Plaintiff's mental health.

additionally the failed to make any
reports and recommendations to
NYS-DOCCS that took into consideration
Plaintiff's chronic depression, episodes
of hallucinations where he heard
voices, his difficulty with concentra-
tion, nightmares, hopelessness, lack
of energy and his inability to find
something to live for and the many
crisis interventions where Plaintiff
was having suicidal thoughts,
engaging in acts of self harm and
the conclusive evidence that his
mental health was deteriorating

21) Central office - albany defendants
anthony J. annucci, Ms. amaya,
Scott Kelly, Donald Venettozzi,
a. Rodriguez and David amadio,
collectively and individually denied
Plaintiff the opportunity to receive
a meaningful review of administrative
segregation by failing to answer
plaintiff's letters and complaints
and correct the fact that line staff

correcting the deficient process
he was receiving.

22) Central Office albany defendants
Donald Venettozzi, a. Rodriguez,
David amedio and Ms. Liberty
collectively and individually
violated the rules and directives
that govern disciplinary hearings
by not allowing Plaintiff to receive
meaningful employee assistance,
present documentary evidence, call
material witnesses at the hearing,
and to present recorded conversa-
tions and their failure to correct
these violations of NYS-DOCCS own
rules and regulations.

23) attica Corr. Fac. defendant John
Doe 48, collectively and individually
violated Plaintiff's right at the
disciplinary hearing by inappropriately
denying him the opportunity to
present documentary evidence, call
witnesses and have meaningful

employee assistance. John Doe 48,
also made the unreasonable decision
of finding Plaintiff guilty of
violating Penal Law Offenses rule
1.00, even though plaintiff never
violated any penal law.

24) Medical Defendants, John Doe 49,
John Doe 50, and Dr. Ott, collectively
and individually, were negligent of
Plaintiff's medical needs by failing
to prescribe effective pain medication,
providing Tens unit and knee sleeve
and by negligently inflicting unneces-
ary and wanton pain by deviating
from established medical practice
and failing to make a report and
recommendation to NYS-DOCCS
officials that explained that Plaintiff's
physical health was deteriorating
due, in large part, to the prolonged
years of solitary confinement
Plaintiff was subjected to.

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?



7/31/14 ~ 2/13/2020

D.    What are the facts underlying your claim(s)? (For example: What happened to you? Who did what?
Was anyone else involved? Who else saw what happened?)

(See attachment) 10 pages

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical
treatment, if any, you required and did or did not receive.



Mental Health, liberty and cruel and unusual
punishment and incidents of self
harm.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.
If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for
the acts alleged. Explain the basis for these claims.



(See attachment) 2 pages

## Claims

1) The Upstate Corr. Fac., Defendants John Doe 22, T. Berniak, J. Fitchette, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 23 and John Doe 5, collectively and individually, failed to provide Plaintiff with a meaningful review of his administrative Segregation status, by conducting sham, reviews with pre-ordained denial of the same violated the substantive and procedural Due Process of the 14th amendment and the 8th amendment.

2) The Upstate Corr. Fac., Defendants John Doe 22, T. Berniak, J. Fitchette, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 23 and John Doe 5, collectively and individually, disregarded Plaintiffs deteriorating mental and physical health, by keeping him confined to isolation in S.H.U. from July 31, 2014 to February 13, 2020, violated the 8th amendment against cruel and unusual

punishment.

3) Auburn Corr. Fac., Defendants, John Doe 24, John Doe 25, John Doe 26, John Doe 1, John Doe 6, John Doe 3, and John Doe 4, collectively and individually, failed to provide Plaintiff, with a meaningful review of his administrative segregation status, by conducting sham reviews with pre-ordained denial of the same violated the substantive and procedural Due Process of the 14th amendment.

4) The Auburn Corr. Fac., Defendants, John Doe 24, John Doe 25, John 26, John Doe 1, John Doe 6, John Doe 3, and John Doe 4, collectively and individually, dis-regarded Plaintiff's deteriorating mental and physical health, by keeping him confined to isolation in S.H.U. from July 31, 2014 to February 13, 2020, violated the 8th amendment against cruel and unusual punishment.

5) The Auburn Corr. Fac. Mental health
defendants, Sharifuzzama Siddiqui, M.D.,
Amber M. Oliver, and Susan C.
Weiberzahlporter, collectively and
individually, disregarded Plantiff's
deteriorating mental and physical
health by keeping him confined to
isolation in S.H.U. from July 31, 2014
to February 13, 2020, violated the
8th amendment against cruel and
unusual punishment

6) Southport Corr. Fac., defendants,
John Doe 27, B. Wagner, Mr. Signer,
John Doe 1, John Doe 5, John Doe 3,
John Doe 4, S. Giblin, John Doe 7,
John Doe 28, John Doe 8, John Doe 9,
John Doe 10, John Doe 29, John Doe 2,
John Doe 30, John Doe 11, John Doe 12,
John Doe 31, John Doe 33, John Doe 13,
John Doe 32, John Doe 15, John Doe 16,
John Doe 35, John Doe 17, and John Doe 18,
collectively and individually, failed
to provide Plantiff with a meaningful
review of his administrative segregation

status, by conducting sham reviews
with pre-ordained denial of the
same, violated the substantive and
procedural Due Process of the 14th
Amendment

7) Southport Corr. Fac., defendants,
John Doe 27, B. Wagner, Mr. Signor,
John Doe 1, John Doe 5, John Doe 3,
John Doe 4, S. Giblin, John Doe 7,
John Doe 28, John Doe 8, John Doe 9,
John Doe 10, John Doe 29, John Doe 2,
John Doe 30, John Doe 11, John Doe 12,
John Doe 31, John Doe 33, John Doe 13,
John Doe 32, John Doe 15, John Doe 16,
John Doe 35, John Doe 17, and John Doe
18, collectively and individually, dis-
regarded Plaintiff's deteriorating
mental and physical health, by keeping
him confined to isolation in S.H.U.
from July 31, 2014 to February 13, 2020,
violated the 8th amendment against
cruel and unusual punishment

8) Southport Corr. Fac., mental health

defendants, Jose Gonzalez, Mo. Dolly, Leslie A. Watkins, Leslie McKenzie, Christine Vough, C. Kueffer, Emily Guary, Leslie Bunni, and Daniel Kress, collectively and individually, disregarded Plaintiff's deteriorating mental and physical health, by keeping him confined to isolation in S.H.U. from July 31, 2014 to February 13, 2020, violating the 8th amendment against cruel and unusual punishment

9) Elmira Corr. Fac. defendants, John Doe 36, John Doe 37, John Doe 38, John Doe 7, John Doe 11, John Doe 9, John Doe 10, John Doe 39, John Doe 40, John Doe 19, John Doe 18, John Doe 41, J. Rossi, John Doe 14, Hill, John Doe 5, John Doe 20, John Doe 42, John Doe 46, John Doe 43, John Doe 44, John Doe 44, John Doe 17 and John Doe 21, collectively and individually, failed to provide Plaintiff with a meaningful review of his administrative Segregation status, by conducting sham reviews with

pre-ordained denial of the same,
violated the substantive and procedural
Due process of the 14th amendment.

10) Elmira Corr. Fac., defendants, John
Doe 36, John Doe 37, John Doe 38, John
Doe 1, John Doe 11, John Doe 9, John
Doe 10, John Doe 39, John Doe 40, John
Doe 19, John Doe 18, John Doe 41
J. Rossi, John Doe 14, Hill, John Doe 5,
John Doe 20, John Doe 42, John Doe 46,
John Doe 43, John Doe 44, John Doe 17,
and John Doe 21, collectively and
individually, disregarded Plaintiffs
deteriorating mental and physical
health, by keeping him confined to
isolation in S.H.U. from July 31, 2014,
to, February 13, 2020, violated the
8th amendment against cruel and unusu-
al punishment,

11) central office - Albany, defendants,
anthony J. annucci Ms. amaya, Scott
Kelly, Donald Venettozi, A. Rodriguez,
and David amodio collectively and

individually, denied Plaintiff the opportunity to receive a meaningful review of administrative segre- gation status by conducting sham reviews with a pre-ordained denial of the same, by reiterating stale boiler plate justifications, denying Plaintiff's request to go to a less restrictive housing unit program, by not conducting the reviews every 60 and 30 days as prescribed by Directive 4933, 301.4, disregarding Plaintiff's deteriora- ting mental and physical health, by not considering the passage of time, considering inaccurate information and not considering the other relevant factors, such as, Plaintiff's conduct, interaction with staff, attitude and disposition, allowing the line staff to pre-ordain the denial of release from segregation violated the substantive and procedural Due process of the 14th amendment

12) central Office albany defendants
Donald Venettozzi, a. Rodriquez,
David amadio and Ms. Liberty,
collectively and individually,
disregarded Plaintiff's deteriorating
mental and physical health, by
keeping him confined to isolation in
S.H.U. & from July 31, 2014 to
February 13, 2020, violating the
8th amendment against cruel and
unusual punishment.

13) central Office - albany defendants,
Donald Venettozzi, a, Rodriquez,
David amadio and Ms. Liberty,
collectively and individually violated
the rules and directives that govern
disciplinary hearings by not allowing
Plaintiff to receive meaningful
employee assistance, present documen-
tary evidence, call material witnesses
at the hearing and to present
recorded conversations and their
failure to correct these violations
of NYS-DOCCS own rules and

regulations, thus violating the substantive and procedural Due-Process of the 14th amendment.

14) Attica Corr. Fac. defendant John Doe 48, collectively and individually violated plaintiff's rights at the disciplinary hearing by inappropriately denying him the opportunity to present documentary evidence, call witnesses and have meaningful employee assistance. John Doe 48, also made the unreasonable decision of finding Plaintiff guilty of violating Penal Law Offenses rule 1.00 even though plaintiff never violated a Penal Law offense thus violating the substantive and procedural Due-process of the 14th amendment.

15) Attica Corr. Fac. defendant John Doe 48, collectively and individually, disregarded Plaintiff's deteriorating mental and physical health, by

Keeping him confined to isolation in
S.H.U. from July 31, 2014, To,
February 13, 2020, Violating the
8th amendment against cruel and
unusual punishment.

16) Medical Defendants, John Doe 49,
John Doe 50, and Dr. Ott, collectively
and individually, were negligent of
Plaintiff's medical needs by
failing to prescribe effective pain
medication, not providing a Tens
unit and knee sleeve and by negli-
gently inflicting unnecessary
and wanton pain by deviating
from the established medical
practice, thus, violating the
8th amendment against cruel
and unusual punishment.

## Relief

1) The Plaintiff request a jury trial on all issues presented.

2) Plaintiff seeks monetary damages in the amount of $10,000,000 from all Defendants individually and jointly

3) Plaintiff seeks punitive damages from all the Defendants in the amount of 5,000,000, individually and jointly

4) Plaintiff also seeks that all other inmates from NYS-DOCCS who are in similar circumstances receive meaningful reviews of administrative segregation.

5) Plaintiff request the court declare that Defendants violated the Plaintiff's constitutional rights

6) Plaintiff request for any such
relief as the court deems just
and proper.

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

**A.**    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

NYS-DOCCS; Attica Corr. Fac. Upstate Corr. Fac.,
Elmira Corr. Fac., Southport Corr. Fac.

**B.**    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

**C.**    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

continuous confinement confinement in S.H.U. from 7/31/14 –
2/13/2020, mental health, lack of receiving reviews,
lack of medical and insect infestation.

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

**D.**   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

**E.**   If you did file a grievance:

1.   Where did you file the grievance?

at upstate corr. Foc, southport corr. Foc., auburn corr. Foc, and Elmira corr. Foc

2.   What did you claim in your grievance?

That I was being housed in SHU under adminis-trative segregation in violation of Due-Process, not receiving meaningful reviews, not receiving the placement decisions, lack of medical attention and deteriorating mental health!

3.   What was the result, if any?

most were denied but, the facility committee agreed in grievance E149-607-19 that a less restrictive housing was appropriate for Ad/seg inmates

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)

I appealed them to the facility superintendant and then, to the C.O.R.C. in albany

**F.** If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

_____

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____

**G.** Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.



The C.O.R.C. in albany never answers appeals in the prescribed time. Plus, I don't have the decision for a lot of my appeals and some grievances because I was transferred to F. BOP but I filed F.O.I.L. request

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)* see attached grievance

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

 ~~Yes~~

 No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit
      Plaintiff(s) _____
      Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*
      _____

3.    Docket or index number
      _____

4.    Name of Judge assigned to your case
      _____

5.    Approximate date of filing lawsuit
      _____

6.    Is the case still pending?

      ☐ Yes

      ☒ No

      If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
      _____

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  _____

Signature of Plaintiff    *Leonidas Sierra*
Printed Name of Plaintiff    LEONIDAS SIERRA Pro-Se
Prison Identification #    66094-054
Prison Address    U.S.P. Hazelton, Po Box 2000
     Bruceton Mills,    W.V.    26525
         *City*        *State*        *Zip Code*

### B.    For Attorneys

Date of signing:  _____

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Address    _____
     _____
         *City*        *State*        *Zip Code*
Telephone Number    _____
E-mail Address    _____

Print    Save As...    Add Attachment    Reset

Leonidas Sierra (Pro-Se)
66094-054
U.S.P. Hazelton
Po Box 2000
Bruceton Mills, W.V.
            26525


United States District Court
Western District of New York


        Summons


To:   John Doe 22, inter alia...,
        New York State Dept. of corr.
        and Community Supervision
        State Campus /Building 2
        Albany, New York, 12226


    A lawsuit has been filed against
you, within 21 days after service of
this summons on you (not counting
the day you received it) or 60 days if
you are the United States or a United
States agency, or an officer or employee

of the United States as described in
Fed. R. Civ. P., 12 (a)(2) or 3 - you must
serve on the Plaintiff an answer to the
attached complaint or a motion under
Rule 12 of the Federal Rules of Civil
Procedure.

The answer or motion must be
served on the Plaintiff or Plaintiff's attorney,
whose name and address is:

Leonidas Sierra, 66094-054 (Pro-Se)
U.S.P. Hazelton, Po Box 2000,
Bruceton Mills, W.V. 26525

If you fail to respond, judgment
by default will be entered against you
for the relief demanded in the complaint.
You must also file your answer or
motion with the Court.

Clerk of the Court

Dated: